Wexler, James H., J.
This case comes before the court on a complaint filed by the Town of Auburn, through its Zoning Board of Appeals (hereinafter the “Board” or “ZBA”) pursuant to G.L.c. 40A, §17. On October 16, 2002, the Board filed this complaint seeking declaratory judgment and dismissal of the defendants Kenneth and Mary Hipson’s (hereinafter “the defendants”) appeal of the Code Enforcement Officer’s Decision dated May 30, 2002, and accompanying Notice for Constructive Approval that was filed with the Town Clerk of Auburn pursuant to G.L.c. 40A, §15. In their answer, the defendants filed a cross claim seeking that this court: (1) dismiss the Board’s complaint; (2) enter judgment declaring that the defendants are entitled to a constructive grant of their appeal; (3) enter judgment declaring the defendants are entitled to a public hearing on their appeal; and (4) issue a preliminary injunction ordering the Auburn Zoning Board of Appeals to schedule and hold a hearing on the defendants’ appeal of the decision of the Code Enforcement Officer. After considering the arguments of the parties and reviewing the exhibits and motions, the court makes the following findings of fact, rulings of law, and order for judgment.

PROCEDURAL HISTORY

On October 9, 2001, the Town of Auburn Code Enforcement Officer, Donald J. Miller (hereinafter “Miller”) issued a building permit to R. J. Wood, Inc. for an addition to the property located at 18 Silver Street.[2] On October 10, 2001, Attorney Lawrence Brodeur (hereinafter “Brodeur”), legal representative for “several property owners who reside on Silver Street and Burnett Street” mailed a request to Miller seeking his “opinion, as the Zoning Officer of the Town, concerning the need for the owner of the 18 Silver Street property to acquire a special permit pursuant to Section 8.2.3 of the Zoning By-law.”[3]
Section 8.2 of the Zoning By-law is titled “Non-Conforming Uses” and Section 8.3 is titled “Non-Conforming Structures.” Sections 8.2.1 and 8.3.1 both state that the requirements of G.L.c. 40A, §6, shall apply to Sections 8.2 and 8.3 of the Zoning Bylaw. G.L.c. 40A, §6, states in pertinent part:
[A] zoning ordinance or by-law shall apply to any change or substantial extension of such use, to a building or ... to any reconstruction, extension or structural change of such structure and to any alteration of a structure ... to provide for its use for a substantially different purpose or for the same purpose in a substantially different manner or to a substantially greater extent. . .
Miller replied to Brodeur’s letter on October 24, 2001, stating:
In response to your inquiry ... it is my interpretation that MA General Law [sic] Chapter 40A §6, ¶1 states that if there is a finding by the Permit Granting Authority or the Special Permit Granting Authority designated by ordinance or by law that such change, extension or alteration shall not be substantially more detrimental than the existing nonconforming use to the neighborhood as the pre-existing use it would be allowed.
I believe the construction of the proposed building . . . would create a less intrusive condition to the neighborhood . . . [i]t is for that reason, a building permit was issued for the building construction at 18 Silver Street October 9, 2001 by myself as the *354 Zoning Officer and Inspector of Buildings for the Town of Auburn.
On November 7, 2001, Brodeur, on behalf of “several property owners who reside on Silver Street and Burnett Street” filed an appeal of Miller’s decision to the Town of Auburn Zoning Board of Appeals pursuant to G.L.c. 40A, §8.[4]
Brodeur filed a three-part appeal:
(1) [F]rom the decision of the Building Inspector dated October 24,2001 made in response to a letter from [me] dated October 10, 2001 which decision states that by construction of the proposed building ... the existing non-conforming use of the property . . . would become a less intrusive condition to the neighborhood; (2) from the issuance of a building permit... for construction of a 7,200 square foot addition to an existing structure at 18 Silver Street; and (3) from the Building Inspector’s inferred finding that R.J. Wood, Inc.’s use of the property ... is a lawful, non-conforming use.
In accordance with procedures of the Zoning Act, the Board of Appeals held a public hearing on the appeal on December 6, 2001. The ZBA issued its decision on January 31, 2002. The ZBA’s decision denied the appeal and upheld Miller’s decision to issue the building permit to R.J. Wood, Inc. Based on the testimony obtained at the December 6, 2001 hearing the ZBA made the following findings:
(1) [T]hat the previous owner of R.J. Wood, Inc. would often store vehicles of other contractors on the property for periods of time; (2) [TJhat the former owner of the property would, at times, have as many as 10 to 15 vehicles on the property, upon which repairs were performed; (3) [T]hat the current use of the property are [sic] not substantially more detrimental to the neighborhood than the “existing nonconforming use” of the property as designated at the time of the institution of the Zoning By-law; (4) [P]ursuant to Massachusetts General Laws, Chapter 40A, Section 6, the proposed change, extension or alteration of the current building shall be permitted because it shall not be substantially more detrimental to the neighborhood than the existing non-conforming use as designated at the time of the institution of the Zoning By-law; (5) [P]ursuant to the Auburn Town By-law, Section 8.3.2, the present nonconforming structure may be altered, reconstructed, extended or structurally changed provided that such alteration, reconstruction, extension or structural change conforms to all the dimensional requirements of this by-law; and (6) Mr. Miller was correct in the issuance of the Building Permit under the Town’s By-law and he should have quoted that instead of the section [M.G.L.c. 40A, §6] he did use.
The Board also made the following determination:
[T]hat the existing non-conforming us [sic] of the property at 18 Silver Street would become a less intrusive condition to the neighborhood and herby [sic] supports the issuance of a permit for the proposed alteration, reconstruction, extension or structural change.
The Hipsons did not file an appeal of the ZBA’s decision with the Court, as permitted by G.L.c. 40A, §17. (“Any person aggrieved by a decision of the board of appeals or any special permit granting authority... may appeal to the land court department, the superior court department ... by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk”). Consequently, as of February 20, 2002, twenty days subsequent to the issuance of the Board’s decision, it became final and no longer subject to appeal.
On May 13, 2002 pursuant to G.L.c. 40A, §7, and Section 10.1.1[5] of the Town of Auburn Zoning By-law, Gary S. Brackett, Esq., (hereinafter “Brackett”) sent a Zoning Enforcement Request to Miller. In the Request, Brackett stated that he represented “Mr. and Mrs. Kenneth Hipson of 32 Silver Street, Auburn, and twenty-four (24) other citizens of the Town of Auburn.” Brackett indicated that the purpose of this letter was to:
[DJetermine that the expansion of the nonconforming commercial structure and/or use at 18 Silver Street, Auburn, is in violation of M.G.L.A. 40A, §6 and Section 8.2, Nonconforming Uses and Section 8.3, Nonconforming Structures of the [Z]oning [B]y-Iaw, as amended.
Brackett further requested “zoning enforcement,” and that Miller
[I]issue a cease and desist order relative to the construction of the building at 18 Silver Street forthwith, review and investigate the claims made herein.
On May 24, 2002, Miller delivered a letter to Brackett that stated:
In response to your zoning enforcement request. .. I have enclosed a copy of my letter ... to Attorney Lawrence Brodeur, which states my interpretation of the continued use of this properly, I also enclose the supported Statement of Facts of the Board of Appeals dated January 31st, 2002. It is also my interpretation of the Town Zoning By-Laws that section 8.3.2 is applicable to the continued use of this property although it was not indicated in my response letter to Attorney Lawrence Brodeur. I am not in agreement with your historical outline of the use of the property... and, therefore, decline to act on the issuance of the Cease and Desist Order, as requested by your client.
On June 17, 2002, Brackett attempted to file an appeal to the ZBA pursuant to G.L.c. 40A, §8, and made the following requests for relief:
*355 (1) That the Board of Appeals overturn the decision of the Building Inspector and order that the building permit... be revoked; (2) the Board of Appeals make a finding that the use of the premises ... was abandoned in accordance with 8.2.4 of the Town of Auburn Zoning By-law and cannot be resumed; and (3) the Board of Appeals make a finding that the use of the premises is not protected as a lawful nonconforming use in accordance with M.G.L.A. 40A, §6 and Section 8.2 of the Town of Auburn Zoning By-Law in that the use of the premises for the storage and maintenance of equipment and vehicles . . . was never lawfully established.
On June 26, 2002, Counsel for the Town of Auburn responded to Brackett’s submission. The letter stated:
Enclosed please find your checks no. 5855, in the sum of $90.00 and no. 5857 in the sum of $31.00, relative to your appeal of “the decision of the building inspector denying enforcement action requested pursuant to Section 10.1.1 of the Auburn Zoning By-Law and M.G.L.A.C. 40A, Section 7,” concerning “18 Silver Street in Auburn, MA”
A copy of your application to the Auburn Zoning Board is also being returned for your reference.
The Zoning Board of Appeals held a hearing on December 6, 2001 relative to an appeal filed by Attorney Lawrence Brodeur on behalf of the residents, including Mr. Kenneth Hipson, concerning the same issues set forth in your application.
I enclose a copy of the Board of Appeals decision.
Pursuant to G.L.c. 40A, §15, Brackett filed a Notice for Constructive Approval with the Auburn Town Clerk on September 26, 2002 requesting a constructive grant of relief for the June 17, 2002 appeal. In this document, Brackett argued that the ZBA failed to act on the June 17, 2002 appeal as prescribed in G.L.c. 40A, §15, and that, as a matter of law, the defendants were entitled to a constructive grant of relief.
G.L.c. 40A, §15, provides the procedure for an appeal to a board of appeals from an order or decision of a zoning administrator and the consequence of the board’s failure to act:
Any appeal to a board of appeals from the order or decision of a zoning administrator . . . shall be taken within thiriy days of the date of such order or decision ... by having the petitioner file a notice of appeal. . . with the city or town clerk and a copy of said notice of appeal . . . The board of appeals shall hold a hearing on any such appeal. . . within sixty-five days from the receipt of notice by the board of such appeal... All hearings of the board of appeals shall be open to the public. The decision of the board shall be made within one hundred days after the date of the filing of an appeal . . . Failure by the board to act within said one hundred days shall be deemed to be the grant of the appeal . . . The petitioner who seeks such approval by reason of the failure of the board to act within the time prescribed shall notify the city or town clerk, in writing, within fourteen days from the expiration of said one hundred days . . .
In response, on October 16, 2002, the Town filed this action with this court, pursuant to G.L.c. 40A, §§15 and 17, seeking to dismiss the June 17, 2002 appeal and related Notice for Constructive Approval.[6] The defendants counter-claimed and seek a determination that they are entitled to a constructive grant of relief for their appeal due to the Board’s failure to act in accordance with the Zoning Act.

RUUNGS

On a G.L.c. 40A, §17, appeal:
[T]he court shall hear all evidence pertinent to the authority of the board or special permit granting authority and determine the facts, and, upon the facts as so determined, annul such decision if found to exceed the authority of such board or special permit granting authority or make such other decree as justice and equity may require.
In almost all zoning appeal cases, a person aggrieved is appealing the decision of a zoning board of appeals. However, in this case, the petitioner is the Board itself, who, pursuant to the procedures outlined in G.L.c. 40A, §§15 and 17, filed this petition with the court after the defendants filed a Notice of Constructive Approval with the Town Clerk of Auburn for the Board’s alleged failure to act on their June 17, 2002 appeal. As a result, this court is not asked to review the Board’s decision on a claim of arbitrariness or capriciousness.[7] Rather the court is asked to rule that the Board’s failure to follow the procedures prescribed in the Zoning Act constituted a constructive grant of relief for the defendants’ appeal, or that the defendants’ appeal should be dismissed as it is barred by the doctrines of laches and collateral estoppel because the contested issue has previously been decided by the Board on January 31, 2002, and the defendants lost their rights to appeal when they failed to file a G.L.c. 40A, §17, appeal.
G.L.c. 40A, §15, provides the procedure for an appeal to a board of appeals from an order or decision of a zoning administrator. It is undisputed that the defendants sought to timely appeal Miller’s May 24, 2002 request for enforcement denial by attempting to file an application for appeal with the Town of Auburn’s Clerk’s Office on June 2, 2002. After their appeal was submitted for filing, it was not accepted. The only actions that were taken regarding the appeal was the Town Counsel’s June 26, 2002 letter to Brackett indicating that the issues raised had already been decided and returning the filing fees.
In their Notice of Constructive Approval submitted to the Town Clerk’s Office on September 26, 2002, the defendants claim:
*356 [T]the Board of Appeals failed to notice and hold a public hearing on the appeal within the sixty-five days of the filing thereof and failed to act on the appeal within one hundred (100) days of the filing thereof and failed to render a decision on the appeal all in violation for the express provision of G.L.c. 40A, §15. As a result, the time limit for action by the Board of Appeals has expired and the petitioners are entitled to a constructive grant of the relief requested . . .
The record establishes that the Board had never accepted the appeal. As the submitted appeal was not accepted by the Board of Appeals, the sixty-five (65)-day and one hundred (100)-day time limits never began to run. Thus, the Board did not fail to act within the meaning of G.L.c. 40A, §15, and a court declaration granting constructive approval of the appeal would not be warranted.
However, G.L.c. 40A, §15, does not give the Board or its Town Counsel the discretion to decide which appeals it shall receive, hold public hearings and render decisions for in the manner prescribed by the provision. While the Board may decide that the issues raised in the June 17, 2002 appeal has previously been addressed and decided by the Board, it is required to follow the procedure prescribed by the Zoning Act by accepting the appeal, providing notice and a public hearing and rendering a decision within the prescribed time limits.
This court, pursuant to its authority under G.L.c. 17, §17, to “make such other decree as justice and equity may require” orders the Town of Auburn Zoning Board of Appeals to receive the defendants’ application and appeal of Miller’s enforcement request denial, provide notice and a public hearing within sixty-five (65) days thereof, and render a decision within one hundred (100) days thereof, as mandated by G.L.c. 40A, §15.[8] Thereafter, in accordance with G.L.c. 40A, § 17, any person aggrieved by the Board’s decision may appeal it to the court.

ORDER

Based on the foregoing, the defendants’ request for a declaration that they are entitled to a constructive grant of approval for their appeal is DENIED. The Board’s request that the defendants’ zoning appeal be dismissed is also DENIED. It is further ORDERED that the Town of Auburn’s Zoning Board of Appeals receive the defendants’ application and appeal of the Code Enforcement Officer’s denial of the Zoning Enforcement Request forthwith and act on such appeal in accordance with the procedures prescribed by G.L.c. 40A, §15.

The permit issued to Darleen Wood, Town of Auburn Building Permit 7062, allows the construction of a building 60 ft. wide by 120 ft. long with a volume of 7,200 square ft. in area.

Section 8.2.3 of the Auburn Zoning By-law states: “A non-conforming use may be extended in an area by special permit from the board of appeals.”

“An appeal to the permit granting authority as the zoning ordinance or by-law may provide, may be taken by any person aggrieved by reason of his inability to obtain. .. enforcement action from any administrative officer under the provisions of this chapter...”

G.L.c. 40A, §7 and Section 10.1.1 of the Auburn Zoning By-laws in essence provide the same procedure whereby the inspector of buildings shall be charged with the enforcement of the zoning ordinance and, upon a written complaint, shall institute any appropriate action or proceedings to prevent, correct, restrain or abate any violation of this by-law. In the case where the inspector of buildings is requested in writing to enforce this by-law against any person allegedly in violation of the same and the officer declines to act, the inspector shall notify, in writing, the party requesting such enforcement of any action or refusal to act and the reasons thereof, within 14 days of receipt of such request.

G.L.c. 40A, §15, states in relevant part: “The petitioner shall send such notice [that its seeking approval by reason of the failure of the board to act] to parties in interest... notice shall specify that appeals, if any, shall be made pursuant to section seventeen and shall be filed within twenty days after the date the town clerk received such written notice from the petitioner that the board failed to act within the time prescribed.”

As most cases filed for judicial review of a zoning board’s decision seek to overturn the decision, G.L.c. 40A, §17, provides that the “complaint shall allege that the decision exceeds the authority of the board or authority, and any facts pertinent to the issue, and shall contain a prayer that the decision be annulled.”

The date the Board of Appeals accepts the defendants’ appeal triggers the G.L.c. 40A, §15, time frame which requires the Board to provide notice, a public hearing within sixty-five days and to render a decision within one hundred days thereof.