Fecteau, Francis R., J.

Introduction

This action originated as a zoning appeal from the Zoning Board of Appeals (“the Board”) of the Town of Auburn (“the Town” or “defendant”). The plaintiffs filed a Complaint for Judicial Review after this Court remanded the matter to the Board for further review. The instant action includes a claim for civil contempt against the Town, claiming that the Town failed to act in accordance with an Order and Judgment issued by this Court on May 6, 2005 [19 Mass. L. Rptr. 353, sub nom Auburn ZBA v. Hipson], and seeks as a penalty, a judgment in favor of the plaintiffs on the merits. The Town now moves to dismiss the civil contempt claim pursuant to Mass.R.Civ.P. 12(b)(6) on the grounds that this count of the Complaint fails to state a claim upon which relief can be granted. The plaintiffs have filed opposition to the defendant’s motion.

Procedural History

On October 9, 2001, the Town’s Code Enforcement Officer, Donald Miller (“Miller”) issued a building permit to R.J. Wood, Inc. for an addition to property (“the Property”) located at 18 Silver Street. On November 7, 2001, following communications with Miller, Attorney Lawrence Brodeur (“Brodeur”) filed an appeal of Miller’s decision with the Board on behalf of several property owners in the neighborhood surrounding the Property. The Board held a public hearing on the issue on December 6, 2001. The Board issued its decision, denying the appeal and upholding the issuance of the building permit, on January 31, 2002. Brodeur failed to file an appeal of the Board’s decision with this Court pursuant to G.L.c. 40A, §8, and the decision became final on Februaiy 20, 2002.
Attorney Gary Brackett (“Brackett”), acting on behalf of the property owners, subsequently sent a zoning enforcement request to Miller, stating that the use of the Property was not a lawful, non-conforming use under G.L.c. 40A, §6 or the Town’s Zoning By-law. Following Miller’s refusal to act on the request, Brackett attempted to file an appeal with the Board on June 17,2002. On June 26, 2002, the Board returned Brackett’s appeal to him, along with a copy of the Board’s December 6, 2001 decision, stating that they had already rendered a decision on the same issues that he raised in his appeal. Brackett then filed a Notice for Constructive Approval pursuant to G.L.c. 40A, §15, arguing that because the Board had failed *128 to act on his appeal, the plaintiffs were entitled to a constructive grant of relief. On October 16, 2002, the Town filed an action with this Court pursuant to G.L.c. 40A, §§15 & 17, seeking to dismiss the June 17, 2002 appeal and subsequent Notice for Constructive Approval. The defendant property owners filed a counterclaim seeking declaratory judgment on their claim for a constructive grant of their appeal.
The civil contempt claim that the defendant is presently seeking to dismiss arises out of this Court’s Order and Judgment on the Town’s motion to dismiss the property owners’ counterclaim. The plaintiffs in this civil contempt action were the defendants in the Town’s action. In a decision dated May 6, 2005, this Court (Wexler, J.) held that the Board lacked the authority to decline to hear Brackett’s appeal, and found while it could ultimately decide that the issues had already been addressed, that it was required to accept the appeal and act in accordance with the statute by rendering a decision on it [19 Mass. L. Rptr. 353, sub nom Auburn ZBA v. Hipson]. In the Order, the Board was required to “receive the application and appeal of the Code Enforcement Officer’s denial of the Zoning Enforcement Request forthwith and act on such appeal in accordance with the procedures prescribed by G.L.c. 40A, § 15.” The language that the plaintiffs rely on in their civil contempt claim is found in the Rulings section of the opinion, and reads as follows: “This court, pursuant to its authority under G.L.c. 17, § 17 . . . orders the Town of Auburn Zoning Board of Appeals to receive the defendants’ application and appeal of Miller’s enforcement request denial, provide notice and a public hearing within sixty-five (65) days thereof, and render a decision within one hundred (100) days thereof, as mandated by G.L.c. 40A, § 15.”
The plaintiffs re-filed their appeal with the Board on September 22, 2005. The Board originally scheduled a public hearing for October 20, 2005, but the public hearing was rescheduled following a joint request of the parties for a time extension. The Board conducted the public hearing on the plaintiffs’ appeal on December 15, 2005 and filed its decision, which denied the appeal, with the Town Clerk on January 9, 2006.

Discussion

Standard of Review
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiffs favor. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Dismissals on the basis of pleadings, before facts have been found, are discouraged. Gennari v. City of Revere, 23 Mass.App.Ct 979, 980 (1987).
Analysis
A civil contempt claim is coercive in nature, and is “intended to achieve compliance with the court’s orders for the benefit of the complainant.” Commonwealth v. Rape Crisis Serv. of Greater Lowell, 416 Mass. 190, 193 (1993) (quoting Furtado v. Furtado, 380 Mass. 137, 141 (1980)). The purpose of a civil contempt order is to provide a remedy to the aggrieved party and to ensure adherence to a court order. Labor Relations Comm’n v. Fall River Educators’ Ass’n, 382 Mass. 465, 475-76 (1981).
In the instant case, the defendant has complied with the applicable law and with the May 6, 2005 Order. Even assuming for the purposes of this motion that all the facts that the plaintiffs assert are true, a civil contempt claim cannot succeed. The May 6, 2005 Order required the Board to “act on such appeal in accordance with the procedures prescribed by G.L.c. 40A, § 15.’’ G.L.c. 40A, § 15 requires the Board to make its decision within one hundred days of the filing of an appeal, and to file a written copy of its decision within fourteen days of the expiration of the one hundred day period. The portion of the May 6, 2005 memorandum that the plaintiffs argue the defendant did not comply with also references G.L.c. 40A, § 15, requiring the Board to “render a decision within one-hundred days” of the public hearing, “as mandated by G.L.c. 40A, § 15.”
The Order and the Judgment clearly required the Board to adhere to the time limits set forth in G.L.c. 40A, §15 by acting on the appeal within one hundred days and filing its written decision with the Town Clerk within fourteen days of the expiration of the one hundred day period. The Appeals Court addressed this issue in Burnham v. Town of Hadley, 58 Mass.App.Ct. 479, 483 (2003), holding that “§15 allows the board to file its decision within fourteen days following the one hundred day period in which it must act.” The Appeals Court noted in that case that “[if] the Legislature had intended a requirement that the board both act and decide within one hundred days, then it could have so provided in one way or another.” Id. at 482. Likewise, had this Court intended that the written decision be filed within the one hundred day period, it would have been more explicit, rather than referring to the procedures of G.L.c. 40A, § 15, showing instead its intent that the time limits track those of the statute.
Here, the Board acted on the appeal within one hundred days of the plaintiffs’ filing their appeal, by holding a public hearing and voting to deny the appeal on December 15, 2005. The one hundred day period following the plaintiffs’ filing on September 22, 2005 expired on December 31, 2005. The Board filed its *129 decision with the Town Clerk on January 9, 2006, within fourteen days of December 31, 2005. Thus, the defendant has complied with the statute and with this Court’s Order.
Even had the defendant not acted properly and in accordance with G.L.c. 40A, § 15, a civil contempt order would still not be an appropriate remedy. The statute provides a remedy in these situations, which is the issuance of a constructive grant of the appeal. “Failure by the board to act within said one hundred days . . . shall be deemed to be the grant of the appeal[.]” G.L.c. 40A, § 15. If the Board fails to act on the appeal in a timely fashion, as required by the statute, it is penalized by the issuance of a constructive grant, not by a contempt order. The Legislature foresaw the possibility that a board of appeals might not comply with the statute, and saw fit to provide a remedy for persons aggrieved by such inaction by allowing for a constructive grant of the appeal. Using the contempt powers of the court to give the very same relief to the plaintiffs, i.e., constructive grant of their appeal, is to elevate the form over substance, in effect a dispositive decision but on process grounds rather than on the merits of the case. This Court should not disturb the clear intentions of the Legislature in this area by crafting a wholly separate enforcement mechanism under G.L.c. 40A, § 15. Consequently, the defendant’s motion to dismiss Count I of the plaintiffs’ complaint must be ALLOWED.

Order on Motion

For the foregoing reasons, the motion to dismiss is allowed as to Count I.